## Lenderman v. Shuster

*Cohan & Schumacker*, for plaintiff; *Ashworth & Gordon*, for defendant.

LAMBERTON, J., April 26, 1933.—We believe most of the points raised by defendant in support of the rule to strike off plaintiff's statement of claim are without merit. If paragraph twelve of the statement of claim were omitted, the statement would properly plead a cause of action on a quantum meruit basis. Paragraph twelve, however, avers an express contract. If the action is on a quantum meruit basis, paragraph twelve is surplusage. It pleads evidence. If the action is on the express contract, as set forth in paragraph twelve, plaintiff should state whether the agreement was oral or in writing, and if in writing, a copy of the writing should be attached. In such case much of the preceding phraseology is surplusage and should be omitted.

Plaintiff cannot ride two horses. He must sue either on a quantum meruit basis or on an express contract. Defendant is entitled to know on which theory the action is based. If based on a quantum meruit, all reference to the express contract should be omitted. If based on an express contract, all language dealing with the quantum meruit basis of recovery should be omitted, and paragraph twelve should be revised as above indicated.

And now, to wit, April 26, 1933, defendant's rule to strike off plaintiff's statement of claim is made absolute, with leave to plaintiff to file an amended statement within fifteen days from the date hereof.